**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UBU, Inc., | : | |
| | : | |
| Plaintiff | : | No.: 3:11-cv-00910-ARC |
| | : | |
| v. | : | |
| | : | |
| ROBERT FOREHAND | : | |
| | : | (JUDGE CAPUTO) |
| JISANGROUP, LLC | : | |
| | : | |
| Defendants | : | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS/MOTION TO STRIKE/MOTION TO TRANSFER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12 AND 28 U.S.C. §1406**

## I.     PROCEDURAL HISTORY

On April 13, 2011, UBU, Inc. (hereinafter "UBU") commenced this action by filing a Complaint in the Court of Common Pleas of Luzerne County, Pennsylvania.  A copy of the Complaint is attached as "Exhibit A" to Defendants' Motion to Dismiss.  In its Complaint, UBU seeks damages totaling Ninety One Thousand Nine Hundred Fifty Eight Dollars and Fifty Two cents ($91,958.52), alleging Defendants breached a so-called contract with UBU.  UBU sent the Complaint to Defendants via United Parcel Service Delivery, the same arriving at Defendants' workplace on April 14, 2011.

On May 12, 2011, Defendants removed the matter to this Court pursuant to 28 U.S.C. §1441.  On May 19, 2011, Defendants filed a Motion seeking dismissal

of UBU's Complaint because, *inter alia*, this Court lacks personal jurisdiction over the Defendants, and because venue is improper pursuant to 28 U.S.C. §1406(a). In the alternative, Defendants' Motion seeks a transfer of venue to the Southern District of New York pursuant to 28 U.S.C. §1406(a). Further, Defendants' seek dismissal of: UBU's Complaint for failure to join required parties pursuant to Federal Rule of Civil Procedure 12(b)(7); and Count II of the Complaint seeking Declaratory judgment pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and Rule 12(f) for including redundant, immaterial, and impertinent material. Moreover, Defendants seek the dismissal of UBU's Complaint for various deficiencies in the naming of the parties, including Plaintiff itself, under Federal Rules of Civil Procedure 12(b)(6), 12(b)(7), and 12(b)(4).

This Brief is filed in support of Defendants' Motion.

## II.   STATEMENT OF FACTS[1]

UBU designs and wholesales women's fashion products for national distribution. See Complaint at ¶4. As the Complaint alleges, "[w]hile most of the clothing design work is done in [Pennsylvania]", "UBU, Inc. has various manufacturers that produce their clothing," and "most of the manufacturing is done in China." Complaint at ¶5.

---

[1] This Statement of Facts includes only facts relevant to the instant Motion, and not

UBU sought out the expertise of Defendant, Jisan Group, through its Managing Member, Defendant Robert Forehand, at its offices in New York City, New York.  See Forehand Affidavit attached to Defendants' Motion as "Exhibit C" at ¶6.  UBU alleges Defendants are "brokers who deal directly with factories in China to facilitate the manufacturing, coordinate shipping and assure quality control."  Complaint at ¶7.  Defendant, Jisan Group, LLC, is a Delaware limited liability company with its principal place of business in New York City, New York; and Robert Forehand is a citizen of New Jersey, with his principal place of business in New York City, New York.  Forehand Affidavit at ¶¶1-2.

UBU asserts it entered into a contract with Defendants, the terms of which are alleged to be contained in May 5, 2010, e-mail sent from Defendants' office in New York.  UBU claims Defendants breached the terms of the purported contract.  Complaint at Counts I and II.  Defendants will dispute the merits of UBU's claims at the appropriate juncture.

Of particular relevance for the instant motion: the work performed by Defendants for UBU was done at Defendants' office in New York and/or in China, and none was done in Pennsylvania (Forehand Affidavit at ¶¶7-8); Jisan Group was not formed or organized under the laws of the Commonwealth of Pennsyvulania (Id. at ¶9); and neither Defendant: actively solicits business or

---

all facts relevant to deciding the outcome of the controversy.

3

advertises in Pennsylvania (Id. at ¶10); is registered or authorized to conduct business in Pennsylvania (Id. at ¶11); has any employee, representative or agent in Pennsylvania (Id. at ¶12); owns any real estate or personal property in Pennsylvania (Id. at ¶13); provides services in Pennsylvania (Id. at ¶14); has performed work for any individual or company in Pennsylvania, other than UBU (Id. at ¶15); maintains a place of business in Pennsylvania (Id. at ¶16); regularly conducts business in Pennsylvania (Id. at ¶17); maintains records within the Commonwealth of Pennsylvania (Id. at ¶18); maintains a bank account within the Commonwealth of Pennsylvania (Id. at ¶19); or has "continuous and systematic" contacts with Pennsylvania (Id. at ¶20).

Despite Defendants' lack of contacts with Pennsylvania, UBU initiated this action against Defendants in the Court of Common Pleas of Luzerne County, Pennsylvania. Defendants seek dismissal for the reasons listed herein.

### III. STATEMENT OF QUESTIONS INVOLVED

A. Whether this Court Lacks Personal Jurisdiction Over Defendants Because of the Lack of Contacts Defendants Have with Pennsylvania?

*Suggested Answer*: In the Affirmative.

B. Whether this Action Should be Dismissed or, Alternatively, be Transferred to the Southern District of New York Because the Middle District of Pennsylvania is Not a Proper Venue?

*Suggested Answer*: In the Affirmative.

    C.    Whether this Action Should be Dismissed Because Plaintiff Failed to Join a Required Party?

        *Suggested Answer*: In the Affirmative.

    D.    Whether Count II Should be Dismissed Because Plaintiff Failed to State a Claim Upon Which relief can be Granted, and because Counts I and II are Redundant, Immaterial, and/or Impertinent?

        *Suggested Answer*: In the Affirmative.

    E.    Whether this Action Should be Dismissed Because of the Flaws in Identifying the Parties?

        *Suggested Answer*: In the Affirmative.

## IV.   ARGUMENT

**A.   This Court Lacks Personal Jurisdiction Over Defendants Because of the Lack of Contacts Defendants Have with Pennsylvania**

"Federal Rule of Civil Procedure 12(b)(2) provides that a court shall dismiss a complaint for lack of *in personam* jurisdiction." ADM Milling Co. v. Gold Crust Baking Co., Inc., 2009 U.S. Dist. LEXIS 55725 (M.D. PA. 2009). Personal jurisdiction is determined by a review of the law of the state in which the court is located. Mellon Bank (East) PSFS, N.A. v. Diveronica Bros., Inc., 983 F.2d 551, 1993 U.S. App. LEXIS 423 (3d. Cir. 1993). The Plaintiff has the burden of establishing the existence of personal jurisdiction. ADM, supra, *citing* North Penn Natural Gas Co. v. Corning Natural Gas Corp., 897 F.2d 687 (3d Cir. 1990). Because this matter was brought in Pennsylvania, the Court's determination

5

concerning personal jurisdiction involves a review of Pennsylvania statutes 42 Pa.C.S. §5301 (general jurisdiction) and 42 Pa.C.S. § 5322 (specific jurisdiction).

42 Pa.C.S.§5301(a)(1) provides for general jurisdiction over an individual when the individual is (i) present in the Commonwealth at the time when process is served; (ii) is domiciled in the Commonwealth at the time when process is served; or (iii) consented to jurisdiction, to the extent authorized by the consent. Defendant, Robert Forehand was not yet served with the Complaint; he was never domiciled in Pennsylvania; and he did not consent to jurisdiction in Pennsylvania. Thus the Court lacks general jurisdiction over him.

42 Pa.C.S.§5301(a)(3) provides for general jurisdiction over a partnership, limited partnership, partnership association, professional association, unincorporated association and similar entities when the entity (i) was formed under or qualified as a foreign entity under the laws of the Commonwealth; (ii) consented, to the extent authorized by the consent; or (iii) carried on a continuous and systematic part of its general business within the Commonwealth. Jisan Group was not formed under Pennsylvania law, and did not consent to jurisdiction in Pennsylvania. Further, the absence of continuous and systematic contacts as part of Jisan group's general business within Pennsylvania, as evidenced by the affidavit of Robert Forehand, mandates the conclusion that the Court has no general jurisdiction over Defendant, Jisan group, LLC.

42 Pa.C.S. §5322 sets forth instances where the court would have specific jurisdiction over a non-resident defendant, *provided that the cause of action arises from the acts enumerated therein*. In the instant matter, none of those instances is present, and it remains the Plaintiff's burden to establish that the cause of action arose from the defendant's forum-related activities. Mellon Bank, 983 F.2d 551 (3d. Cir. 1993) *citing* Bane v. Netlink, Inc., 925 F.2d 637, 639 (3d Cir. 1991).

In addition to a review of state law, the assertion of personal jurisdiction also invokes a due process review requiring that the defendant have "minimum contacts" in the forum state, and that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." Remick v. Manfredy, et al., 238 F.3d 248, 2001 U.S. App. LEXIS 1049 (3d Cir. 2001) *citing* International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154 (1945). Specific jurisdiction is invoked when the cause of action arises from the defendant's forum related activities … such that the defendant 'should reasonably anticipate being haled into court there.' Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co., 75 F.3d 147 (3d. Cir. 1996) *quoting* International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154 (1945).

UBU's Complaint asserts Defendants breached a so-called contract, which, in reality, was an electronic message sent from Jisan Group's office in New York. The complaint makes no averments that would support a finding that either

Defendant has minimum contacts with the forum state.  In reality, neither Defendant sought out UBU to perform services on UBU's behalf; rather, a representative from UBU made the initial contact with Defendants seeking Defendants' assistance. See Forehand Affidavit at ¶6. Further, the work performed by Defendants was done at Jisan Group's office in New York, and/or in China (Id. at ¶7), and none of the work performed by Defendants for UBU was done in Pennsylvania. Id. at 8.  Robert Forehand is an individual who resides in New Jersey and who works in New York. Id. at ¶1.  Jisan Group, LLC is a Delaware limited liability company with its principal place of business in New York, and whose members all reside in New Jersey. Id. at ¶¶2-3.  Jisan Group, LLC was not formed or organized under the laws of the Commonwealth of Pennsylvania. Id. at 9. Neither Defendant: actively solicits business or advertises in Pennsylvania (Id. at ¶10); is registered or authorized to conduct business in Pennsylvania (Id. at ¶11); has any employee, representative or agent in Pennsylvania (Id. at ¶12); owns any real estate or personal property in Pennsylvania (Id. at ¶13); provides services in Pennsylvania (Id. at ¶14); has performed work for any individual or company in Pennsylvania, other than UBU (Id. at ¶15); maintains a place of business in Pennsylvania (Id. at ¶16); regularly conducts business in Pennsylvania (Id. at ¶17); maintains records within the Commonwealth of Pennsylvania (Id. at ¶18);

maintains a bank account within the Commonwealth of Pennsylvania (Id. at ¶19); or has "continuous and systematic" contacts with Pennsylvania (Id. at ¶20).

Based upon the foregoing, this Court lacks specific and general jurisdiction over the Defendants.  Absent personal jurisdiction over the Defendants, it is respectfully submitted that the Court dismiss this matter.

**B.    This Action Should be Dismissed or, Alternatively, be Transferred to the Southern District of New York Because the Middle District of Pennsylvania is Not a Proper Venue**

This Court has subject matter jurisdiction over the instant matter based solely upon diversity jurisdiction.  Pursuant to 28 U.S.C. §1391:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Under 28 U.S.C. §1391, venue for the instant matter is proper only in the District Court for the Southern District of New York.  This is because Defendant Robert Forehand and Defendant Jisan Group, LLC reside in different districts in different states (eg – New Jersey and New York) (28 U.S.C. §1391 (1)); the district in which a substantial part of the events or omissions giving rise to the claim occurred is the

9

Southern District of New York (28 U.S.C. §1391 (2)), and 28 U.S.C. §1391 (3) is moot because there is another district in which the action may be brought.

28 U.S.C.§1406(a) states "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Thus, the Court has discretion whether to dismiss or transfer a claim that was brought in an improper venue.  28 U.S.C. §1406; Lafferty v. St. Riel, 495 F.3d 72 (3d. Cir. 2007).

A transfer to a new venue, rather than dismissal, is appropriate where the plaintiff acts in good-faith, but mistakenly initiates the action in an improper venue.  Id.  UBU could not have in good faith mistakenly believed venue was proper in Pennsylvania as neither Defendant is subject to personal jurisdiction in Pennsylvania; a substantial portion of the events surrounding the performance of the purported contract occurred in New York; and neither of the Defendants is a Pennsylvania resident or citizen, or regularly conducts business in Pennsylvania.  Thus, this action should be dismissed under 28 U.S.C. §1406 or, alternatively, it should be transferred.

## C. This Action Should be Dismissed Because Plaintiff Failed to Join a Required Party

Paragraph 18 of the Complaint states:

> Robert Forehand and Jisangroup have delivered merchandise with the following problems,[sic] merchandise had poor fit because he failed to convey fit information to manufacturer, and various [sic] were poorly constructed and/or failure [sic] failed to meet specifications, which resulted in total loss (clothing dumped) or items needed to be repaired. Items dumped caused a loss in production manufacturing and profit and items repaired increased costs and decreased profits. Some items have not yet been repaired and some items still have not been delivered. This has cost UBU and [sic] additional loss of approximately $64,500 dollars to correct and recouped [sic] loss of profit. Plaintiff will provide documentation that demonstrates the exact loss.

UBU failed to specify the manufacturer of the items it claims are defective; has failed to specify which items it claims have a poor fit, need to be repaired, or have not been delivered; and UBU admits that it should have provide additional information concerning its purported loss, but has not done so.

Although it is apparent that additional parties need to be joined – for example the actual manufacturer of the purportedly defective clothes - without the aforementioned information, Defendants cannot ascertain the identity of any individuals/companies who should have been joined as indispensible parties by the Plaintiff, or who need to be joined as third party defendants by the Defendants herein.

Federal Rule of Civil Procedure 12(b)(7) provides for the dismissal of an action where a plaintiff fails to join a party under Rule 19.  Federal Rule of Civil Procedure 19(a) states, in applicable part, a Required Party is a person who must be joined if, in that person's absence, the court cannot accord complete relief among existing parties or where proceeding without a party would, as a practical matter, impair or impede the person's ability to protect their interest.  Here, UBU alleged defective manufacturing including "poorly constructed" items and items that failed to meet specifications (Complaint at ¶18).  Proceding without the manufacturer could result in the manufacturer being subject to a claim for contribution or indemnification by the Defendants, resulting in an unnecessary second lawsuit, and impairing their ability to protect their interest in the instant matter; may leave UBU unable to collect if the existing Defendants prevail on their defenses; and may prevent the Court from according complete relief  – each of which are proper considerations for the Court.  Whyham v. Piper Aircraft Corp., 96 F.R.D. 557, 1982 U.S. Dist. LEXIS 16778 (M.D.Pa. 1982).   Thus, the manufacturer of the items is a required party, and the action should be dismissed for UBU's failure to join them.

**D.  Count II Should be Dismissed Because Plaintiff Failed to State a Claim Upon Which relief can be Granted, and because Counts I and II are Redundant, Immaterial, and/or Impertinent**

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a portion of a pleading for failure to state a claim upon which relief can be granted. provides Federal Rule of Civil Procedure 12(f) provides the Court with the power to strike from a pleading any redundant, immaterial, and impertinent matter.

Count I seeks Ninety One Thousand Nine Hundred Fifty Eight Dollars and fifty two cents ($91,958.52) for Defendants' alleged breach of a contract.  Count II also seeks Ninety One Thousand Nine Hundred Fifty Eight Dollars and fifty two cents ($91,958.52) – the same amount sought in Count I - premised upon UBU's theory that "the UBU, Inc., Robert Forehand and Jisangroup contract was breached…"  Count II seeks declaratory judgment, but adds no factual averments to the Complaint and does not identify any provision of the contract that needs clarification.

UBU's request for declaratory relief was made under state law.  42 Pa. C.S. 7533 states "any person interested under a … written contract … may have determined any question of construction or validity arising under the  … contract, and obtain a declaration of rights, status, or other legal relations thereunder.  UBU did not ask the Court to determine a question of construction or validity of a contract.  Rather UBU asked the Court to declare the purported contract breached.

This is not an appropriate request under the declaratory judgment act, and constitutes a claim upon which no relief may be granted.

Moreover, because UBU seeks identical relief in Counts I and II, based upon the same purported breach of contract, Counts I and II should be stricken as they are redundant.

E.   **This Action Should be Dismissed Because of the Flaws Concerning the Identification of the Parties**

Defendants believe Plaintiff misdesignated Defendant, "Jisan Group, LLC," as "Jisangroup, LLC."  To the extent the Defendant named by Plaintiff does not exist, Defendants move to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6); and moves that Plaintiff's Complaint be dismissed for failure to join a required party under Rule 19, pursuant to Federal Rule of Civil Procedure 12(b)(7).

Furthermore, although Plaintiff's Complaint avers that "Plaintiff UBU, Inc. is a Pennsylvania corporation with its principal place of business located at 900 Rutter Ave, Forty Fort, PA 18704", Defendants believe and aver that Plaintiff, "UBU, Inc.," does not exist.  A printout of all business entities registered with the Pennsylvania Department of State Corporations Bureau that includes the search term "UBU" is attached to Defendants' Motion.  This search reveals that there exists no Pennsylvania corporate entity named "UBU, Inc."  Federal Rule of Civil

Procedure 17 states "[a]n action must be prosecuted in the name of the real party in interest."  Because the named Plaintiff is not "the real party of interest" and is not even a recognized legal entity, Defendants move to strike the Complaint for failure to state a cause of action under which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

Also, because the named Plaintiff is not a recognized legal entity, process is insufficient, and Defendants move to strike the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(4).  If this action was not brought by a party of interest, and was not even brought by an actual person/entity, then the Complaint/Process could not have been proper.

                                    Respectfully submitted,

                                    /s/ John J. Warring
                                    John J. Warring, Esq.
                                    Id. No. PA 88047
                                    417 Lackawanna Avenue
                                    Scranton, PA 18504
                                    Phone: (570) 558-1258
                                    *Counsel for Defendants*

DATED this 2nd day of June 2011.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UBU, Inc., | : | |
| | : | |
| Plaintiff | : | No.: 3:11-cv-00910-ARC |
| | : | |
| v. | : | |
| | : | |
| ROBERT FOREHAND | : | |
| | : | (JUDGE CAPUTO) |
| JISANGROUP, LLC | : | |
| | : | |
| Defendants | : | |

**<u>CERTIFICATE OF SERVICE</u>**

I, John J. Warring, hereby certify that on this 2nd day of June 2011, a true and correct copy of the foregoing Brief in Support of Defendants' Motion to Dismiss/Motion to Transfer/Motion to Strike has been served electronically, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Honorable Court, upon Plaintiff's counsel identified below:

Harry W. Skene, Esq.
Practical Law and Life, P.C.
900 Rutter Avenue
Forty Fort, PA  18704

         /s/ John J. Warring
         John J. Warring, Esq.
         Id. No. PA 88047
         THE WARRING LAW FIRM
         417 Lackawanna Avenue
         Scranton, PA 18503
         Phone: (570) 558-1258
         *Counsel for Defendants*